_____

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
June 05, 2015

SETH D. BALLSTAEDT, ESQ.
Nevada Bar No.: 11516
BALLSTAEDT LAW FIRM
9480 S. Eastern Ave, Ste 213
Las Vegas, Nevada 89123
Phone: (702) 715-0000
Fax: (702) 666-8215
help@ballstaedtlaw.com

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO.: 14-11276-MKN |
| JOSEPH N WENZINGER | CHAPTER: 11 |
| ELLEN M WENZINGER | CONFIRMATION HEARING DATE: JUNE 3, 2015<br>CONFIRMATION HEARING TIME: 9:30 A.M. |
| Debtor(s) | |

## ORDER CONFIRMING CHAPTER 11 PLAN OF REORGANIZATION OF JOSEPH N WENZINGER and ELLEN M WENZINGER

The Plan of Reorganization, filed by JOSEPH N WENZINGER and ELLEN M WENZINGER (hereinafter referred to as "debtor(s)"), on October 21, 2014, having been transmitted to creditors and equity security holders, and amended on June 4, 2015 (as Dkt #92), to incorporate the stipulation agreement with the IRS (of which a true and correct copy is attached hereto.)

BALLSTAEDT LAW FIRM
9480 S Eastern Ave., Ste #213
Las Vegas, NV 89123

1

2      It having been determined after hearing and notice that the requirements for confirmation

3  set forth in 11 U.S.C. § 1129 (a) have been satisfied;

4

5      **IT IS ORDERED** that:

6      The Plan of Reorganization, ("PLAN") which has been filed by Debtor, and each of its

7  provisions shall be and hereby is APPROVED and CONFIRMED with the following changes

8  which have been incorporated into the Amended Plan (Dkt #92):

9

10     1. <u>**PRIORITY CLAIM OF THE IRS**</u>: The treatment of the Priority claim of the IRS

11        shall be amended to incorporate a stipulation agreement between Debtor and the IRS

12        and shall be amended to state:

13            **IRS's Priority Claim of $202,882.99** - Please reference stipulation agreement
           between Debtor and the IRS (Dkt #88) which shall govern the treatment for this

14         claim, and all claims of the IRS in this chapter 11 Plan.  The priority claim shall be
           paid in monthly payments of $2,008.02 commencing on the effective date of the

15         plan and continuing until June 1, 2016 at which time this claim will be paid in full.
           In the event the balloon payment is not tendered to the IRS within the time

16         specified, the IRS shall record a Notice of Federal Tax Lien ("NFTL") on 3815
           South Jones, Las Vegas, NV 89103 and/or other property owned by the Debtors.

17         The Federal Tax Liens held by the IRS will continue to attach to property acquired
           after commencement of the bankruptcy case as a matter of adequate protection and

18         to protect the secured interests of the IRS as they existed on the petition date in
           this case.

19

20     2. <u>**CLASS ONE SECURED CLAIM OF THE IRS**</u> - The treatment of the Secured

21        claim of the IRS shall be amended to incorporate a stipulation agreement between

22        Debtor and the IRS and shall be amended to state:

23            **CLASS ONE - Internal Revenue Service ("IRS")'s SECURED claim
           against debtor in the amount of $304,091.67-** The IRS's secured claim began

24         accruing interest as of the date of the bankruptcy petition (Feb. 28, 2014) at the
           fixed rate of 3.0% per annum.  Therefore, the secured claim of $304,091.67 plus

25         accrued interest of $7,602 (for a total claim of $311,693.00) shall be amortized
           at 3% interest over a term of 144 months (12 Years) with the balance due and

26

27

28

BALLSTAEDT LAW FIRM
9480 S Eastern Ave., Ste #213
Las Vegas, NV 89123

owing to be **paid in full** as a "balloon payment" on or before June 1, 2016. Monthly payments of $2,580.15 shall commence on June 1, 2015 and continue until such time as the balloon payment is due, or until this claim is paid in full. In the even the balloon payment is not tendered to the IRS within the time specified, the IRS shall record a Notice of Federal Tax Lien ("NFTL") on Debtor's property 3815 South Jones, Las Vegas, NV 89103 and/or other property owned by the Debtors.

3. **CLASS FIVE** -A New class shall be incorporated into the plan to account for the non-dischargeable General Unsecured Tax Claim of the IRS, and shall state:

> **CLASS FIVE - Non-dischargeable General Unsecured Tax claim of the IRS associated with the Unsecured Priority Tax Claim**- This claim shall be paid over a term of 44 months, or shall be paid in full on Feb. 28, 2019, which is five years from the petition date at the fixed rate of 3.0% per annum. Equally amortized monthly payments of $552.83 shall commence on the effective date of the plan and continue for a term of 44 months or until paid in full, whichever comes first.

The failure to specifically include any particular provisions of the Plan in this Confirmation Order shall not diminish or impair the efficacy of such provisions, it being understood that it is the intent of the Court that the Plan be confirmed and approved in its entirety; and it is

**Further ORDERED** that:

The Plan shall be binding upon the Debtors, any entity acquiring or receiving property or a distribution under the Plan, and any holder of a claim against the Debtors, including all governmental entities, whether or not the claim or interest of such holder is impaired under the Plan and whether or not such holder of entity has accepted the Plan; and it is

**Further ORDERED** that:

The Debtors are authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such action as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan.

BALLSTAEDT LAW FIRM
9480 S Eastern Ave., Ste #213
Las Vegas, NV 89123

The Debtors are authorized and empowered to issue, execute, deliver, file or record any agreement, documents or security, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, whether or not specifically referred to in the Plan, without further order of this Court, and any or all such documents shall be accepted by all of the appropriate filing offices and recorded in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law; and it is

      **Further ORDERED** that:

      This Confirmation Order shall constitute all approval and consent required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modification thereto, and any other acts referred to in or contemplated by the Plan.

**IT IS SO ORDERED.**


Dated this 4 day of June, 2015

/s/ Seth D. Ballstaedt, Esq.
Seth D. Ballstaedt, Esq.
BALLSTAEDT LAW FIRM
9480 S. Eastern Ave, Ste 213
Las Vegas, Nevada 89123
*Attorney for Debtor(s)*

BALLSTAEDT LAW FIRM
9480 S Eastern Ave., Ste #213
Las Vegas, NV 89123

ALTERNATIVE METHOD re: RULE 9021:

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_X_ The court has waived the requirement of approval under LR 9021(b)(1).

___ No party appeared at the hearing or filed an objection to the motion.

___ I have delivered a copy of this processed order to all counsel who appeared at the hearing, and each has approved the order, or failed to respond, as indicated below:

Party                          Approved                  Disapproved              Failed to Respond


___ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

BALLSTAEDT LAW FIRM
9480 S Eastern Ave., Ste #213
Las Vegas, NV 89123

SETH D. BALLSTAEDT, ESQ.
Nevada Bar No. 11516
BALLSTAEDT LAW FIRM
9480 S EASTERN AVE. SUITE 213
Telephone (702) 715-0000
Facsimile (702) 666-8215
Email: help@ballstaedtlaw.com
*Attorney for Debtor(s)*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

JOSEPH N WENZINGER
ELLEN M WENZINGER

Debtor(s)

Case No. 14-11276-MKN

Chapter: 11

Hearing Date: June 3, 2015
Hearing Time: 9:30 A.M.

**PLAN OF REORGANIZATION FOR JOSEPH N WENZINGER and ELLEN M WENZINGER AMENDED TO INCORPORATE STIPULATION AGREEMENT WITH IRS**

The Debtors, JOSEPH N WENZINGER and ELLEN M WENZINGER (herein "Debtor(s) in Possession" and/or "Debtor(s)"), propose the following Plan of Reorganization (herein "Plan").

## BRIEF SUMMARY OF PLAN

The Plan, as proposed by the Debtors, is based on: (1) re-amortizing and rescheduling secured debt on the first mortgage of an investment property based on the actual value of the property, (2) satisfaction in full of all priority debts, claims and expenses; (3) payment of administrative expenses; and (4) a 100% disbursement to unsecured creditors (after adjustment to the disbursement agent).

## ARTICLE I
## DEFINITIONS

The following terms when used in the Plan shall, unless the context otherwise requires, have the following meaning respectively:

The Ballstaedt Law Firm
Attorneys at Law
9480 S. Eastern Ave, #213
Las Vegas, NV 89123

**ADMINISTRATIVE CLAIM and ADMINISTRATIVE EXPENSE CLAIM**:  A Claim Allowed under §503(b) of the Bankruptcy Code that is entitled to priority under §507(a)(2) of the Bankruptcy Code, including, without limitation, (a) any actual and necessary costs and expenses of preserving the Estate or administering the Chapter 11 Case as authorized and approved by a Final Order, (b) any actual and necessary costs and expenses incurred in the ordinary course of the Debtor's business, (c) fees and expenses of Professionals to the extent Allowed by Final Order under §§330, 331, or 503 of the Bankruptcy Code, and (d) all fees and charges assessed against the Estate pursuant to 28 U.S.C. §1930.

**ALLOWED CLAIM**: A claim (a) in respect to which a Proof of Claim has been filed with the Bankruptcy Court within the applicable period of limitation or (b) scheduled in the list of creditors and filed with the Bankruptcy Court in the case and not listed as disputed, contingent, or unliquidated as to amount, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation or an order to the Bankruptcy Court, or as to which any such objection has been determined by an order or judgment, which order or judgment is not subject to any stay of the effect thereof.  Certain claims not listed in the Debtor's bankruptcy schedules as disputed, contingent, or unliquidated as to amounts may be objected to by Debtors because of a change in circumstances or because of additional information made available to debtors or their counsel.  All claims will be determined by Bankruptcy Court order to be allowed or disallowed.

**CLAIM**:  Any right to payment, or right to an equitable remedy for breach of performance if such gives rise to a right of payment, against the Debtors in existence on or as of the date of the petition, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

**CLASS**:  Any class into which Allowed Claims are classified pursuant to Article II.

**CONFIRMATION DATE:** Confirmation date shall be the date upon which the order confirming the Debtor's Plan of reorganization is entered by the Bankruptcy Court for the District of Nevada.

**CREDITOR**: Holder of a Claim against the Debtor.

**DATE OF THE PETITION**: February 28, 2014

**DEBTORS:** JOSEPH N WENZINGER and ELLEN M WENZINGER

**EFFECTIVE DATE:** The first day of the first calendar month following the entry of order of the Bankruptcy Court in the District of Nevada confirming this Plan.

1

2      **PLAN RATE**: Shall mean an interest rate on an Allowed Claim that is simple interest
3      on the principal sum due at the rate of four and a half percent (5.0%) per annum, unless
       stated.

4      **PROPERTY:** The term will be used only within the context of a clear referential
5      indication of a particular piece of real estate.

6      **PRO RATA**: With respect to any holder of an unsecured proof of claim, the manner
7      of payment in which any particular creditor holding an unsecured claim shall be paid the
8      same proportion that the amount of such claim bears to the aggregate amount of the claims
       in the particular Class.

9      **PRIORITY CLAIM:** Any and all Claims (or portions thereof), if any, entitled to priority
10     under §507(a) of the Bankruptcy Code.  In this case, this term shall also refer to professional
11     fees incurred by the Debtor in connection with this case.  Debtors estimate that the unpaid
12     attorney's fees, through the confirmation hearing, will be approximately $6,000.00.

13     **REORGANIZATION CASE**:  The case of reorganization of the Debtors commenced
14     by voluntary petition under Chapter 11 on February 28, 2014, and now pending in the
       Bankruptcy Court as case no. 14-11276-MKN.

15     **RULES:** The Federal Rules of Bankruptcy Procedure, as amended, and the Local
16     Rules of Bankruptcy Procedure as adopted by the Bankruptcy Court.

17     **SECURED CLAIMS**: An allowed claim of a creditor, secured by a lien on property of
18     the Debtors, which claim existed on the date of the filing of the petition or which was
19     authorized by the Bankruptcy Court thereafter to the extent that such claim is not greater
20     than the value of the Debtors' property on which the Bankruptcy Court finds a valid security
       interest for such claim is held.

21                                    **ARTICLE II**

22

23                           **ADMINISTRATIVE EXPENSES**

24     This plan provides for the payment of administrative and priority claims.
25     Administrative expenses are costs or expenses of administering the Debtor's Chapter 11
       case which are allowed under section 507(a)(2) of the Bankruptcy Code.  Administrative
26     expenses also include the value of any goods or services sold to the Debtors in the ordinary
27     course of business.  The Bankruptcy Code requires that all administrative expenses be paid
       on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

28

**The Ballstaedt Law Firm**
Attorneys at Law
9480 S. Eastern Ave, #213
Las Vegas, NV 89123

The following chart lists the Debtor's estimated administrative expense and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Professional Fees for Debtor's Counsel in this Case | est. $18,000 | Law Firm received, prior to the filing of this case, a partial retainer of $11,263.00, of which $1,213 was used to pay the court filing fee and $50 was used for reimbursement of a credit report. The Retainer was paid before the commencement of this case. The balance of professional fees and expenses will be paid upon confirmation in a lump sum, or by separate agreement, or in quarterly payments of $400 per quarter ($133.33/month) for up to 20 quarters or until approved attorney fees and expenses are paid in full, from debtor's disposable monthly income, and before payments are disbursed to the general unsecured class. |
| Expenses arising in the ordinary course of business | None at this time- current as of the date of filing of the Disclosure Statement | Paid in full on the effective date of the Plan, or according to terms of obligation if later. |
| Clerk's Office Fees | None at this time | Paid in full on the effective date of the Plan |
| office of the US Trustee Fees | Estimated to be $350 per quarter, for the duration of the case (est.) | Paid in full on the effective date of the Plan or as they come due each quarter until the case is closed. |
| Disbursement Agent | 3% of each disbursement | Paid with each quarterly disbursement. |

## PRIORITY UNSECURED CLAIMS

There is one priority unsecured claim in this case. The Internal Revenue Service ("IRS") holds a priority claim of in this case. The IRS also has a secured and an unsecured claim, and such claims shall be treated as Class 1, and as a part of Class 4 respectively in this Chapter 11 plan. The IRS's Priority claim began accruing interest as of the date of the bankruptcy petition (Feb. 28, 2014) at the fixed rate of 3.0% per annum. Treatment for the Priority Claim is outlined below:

The Ballstaedt Law Firm
Attorneys at Law
9480 S. Eastern Ave, #213
Las Vegas, NV 89123

| PRIORITY CLAIM | TREATMENT |
|---|---|
| IRS's Priority Claim of $202,882.99 | Please reference stipulation agreement between Debtor and the IRS (Dkt #88) which shall govern the treatment for this claim, and all claims of the IRS in this chapter 11 Plan.  The priority claim shall be paid in monthly payments of $2,008.02 commencing on the effective date of the plan and continuing until June 1, 2016 at which time this claim will be paid in full.  In the event the balloon payment is not tendered to the IRS within the time specified, the IRS shall record a Notice of Federal Tax Lien ("NFTL") on 3815 South Jones, Las Vegas, NV 89103 and/or other property owned by the Debtors.  The Federal Tax Liens held by the IRS will continue to attach to property acquired after commencement of the bankruptcy case as a matter of adequate protection and to protect the secured interests of the IRS as they existed on the petition date in this case. |

## ARTICLE III
## CLASSIFICATION AND TREATMENT OF CLAIMS WITH RIGHTS TO VOTE AND DESIGNATION AS TO IMPAIRMENT

ALL CLAIMS ARE SUBJECT TO BEING OBJECTED TO.  THE DEBTORS RESERVE THE RIGHT TO REQUEST THAT ANY FUNDS PAID PURSUANT TO THIS PLAN BE HELD IN TRUST, PENDING RESOLUTION OF ANY CLAIMS, OR OTHER LITIGATION.

Pursuant to U.S.C. Section 1122, set forth below is a designation of classes of Claims and Interests.  Administrative Claims and Priority Claims of the kind specified in U.S.C. Sections 507(a)(1) the purposes of this Plan of Reorganization the creditors of the Debtors shall be classified into the following categories, all of which shall be impaired:

**CLASS ONE - Internal Revenue Service ("IRS")'s SECURED claim against debtor in the amount of $304,091.67-** The IRS's secured claim began accruing interest as of the date of the bankruptcy petition (Feb. 28, 2014) at the fixed rate of 3.0% per annum.  Therefore, the secured claim of $304,091.67 plus accrued interest of $7,602 (for a total claim of $311,693.00) shall be amortized at 3% interest over a term of 144 months (12 Years) with the balance due and owing to be **paid in full** as a "balloon payment" on or before  June 1, 2016.  Monthly payments of $2,580.15 shall commence on June 1, 2015 and continue until such time as the balloon payment is due, or until this claim is paid in full.  In the even the balloon payment is not tendered to the IRS within the time specified, the IRS shall record a Notice of Federal Tax Lien ("NFTL") on Debtor's property 3815 South Jones, Las Vegas, NV 89103 and/or other property owned by the Debtors.

**CLASS TWO - Federal National Mortgage Association ("Fannie Mae")'s First Mortgage Claim against 5229 Forest Hills Las Vegas, NV 89108 (INVESTMENT PROPERTY) -** This claim shall be

**The Ballstaedt Law Firm**
Attorneys at Law
9480 S. Eastern Ave, #213
Las Vegas, NV 89123

bifurcated into a secured claim of $105,000 and a General Unsecured Claim of $30,676.78. Fannie Mae's secured claim shall be re-amortized and rescheduled over 30 years at 5% fixed interest. Monthly payments of $563.66 shall commence on the effective date of the plan and continue for a term of 360 months (30 years) or until the claim is paid in full, whichever comes first.

Debtor shall provide for ongoing tax and insurance payments by tendering to secured creditor a monthly escrow payment that represents 1/12 of the yearly hazard insurance and property tax amounts, or approximately $180.00/month. These funds are to be placed into an escrow account, and due to the fluctuating nature of escrow, this amount is subject to change. All remaining terms of the Note shall remain in effect.

Fannie Mae's General Unsecured claim shall be reclassified as a Class 4 General Unsecured claim, which shall be paid 100% of the claim amount as described in the Class 4 General Unsecured Creditor treatment.

**CLASS THREE - Bank of America's First Mortgage Claim against 7395 Laredo St. Las Vegas, NV 89117 (Residence)**- This claim represents the Primary Residence of the Debtors, and therefore, this claim shall remain unimpaired.

**CLASS FOUR - General Unsecured Class, comprised of non-priority general unsecured claims, including General Unsecured portions of Mortgage claims which have been re-classified as General Unsecured** - This class consists of all unsecured creditors with scheduled claims that are not disputed, contingent or unliquidated. On the effective date of the plan, debtor shall begin making plan payments of $6,075.44/quarter ($2,025.15/month) into the plan for a term of 20 quarters (60 months). Payments to this class will be adjusted by a 3% disbursement fee, which is an administrative expense. See "Disclosure Statement" for quarterly payment disbursement amounts for each creditor.

**CLASS FIVE - Non-dischargeable General Unsecured Tax claim of the IRS associated with the Unsecured Priority Tax Claim**- This claim shall be paid over a term of 44 months, or shall be paid in full on Feb. 28, 2019, which is five years from the petition date at the fixed rate of 3.0% per annum. Equally amortized monthly payments of $552.83 shall commence on the effective date of the plan and continue for a term of 44 months or until paid in full, whichever comes first.

## ARTICLE IV
## TREATMENT OF UNCLASSIFIED CLAIMS WITHOUT RIGHTS TO VOTE

UNCLASSIFIED CLAIMANTS - ADMINISTRATIVE EXPENSE CLAIMS. These claimants shall be comprised of the quarterly fees due to the United States Trustee and any fees and costs for Professionals. The claims of the United States Trustee shall be paid in full on or before the Effective Date of the Plan. The claims of Professionals shall be paid

**The Ballstaedt Law Firm**
Attorneys at Law
9480 S. Eastern Ave, #213
Las Vegas, NV 89123

only upon approval of the Court, and may be paid upon the request of the Professional, from debtor's disposable monthly income.

### ARTICLE V
### IMPLEMENTATION OF PLAN DISBURSEMENTS

Debtor shall make payments for the priority and secured claims directly to the appropriate creditor as per the terms of the class treatment for that creditor.

The Ballstaedt Law Firm shall be the Disbursement Agent (the "Disbursement Agent"). Debtor shall tender to the Disbursement Agent quarterly payments of $6,075.00, commencing on the effective date of the plan, and continuing for a term of 20 quarters.   The Disbursement Agent shall use these funds for payment in full of all class 4 general unsecured claims, after adjusted by the fee to the disbursement agent.

### ARTICLE VI
### DISCHARGE OF DEBTOR AND EFFECT OF CONFIRMATION

Unless after notice and a hearing, and the Court orders otherwise for cause, confirmation of this Plan does not discharge any Debtor provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan.

Anytime after confirmation of the Plan, debtor may elect pay a lump sum to pay in full all plan payments towards administrative payments, priority claims and class 4 disbursements.   Upon completion of these payments, debtor is eligible for discharge under section 1141.  After discharge, any remaining payments to the secured classes of creditors will continue as outlined in the order confirming the chapter 11 plan.

Alternatively, upon confirmation of the plan, debtor may elect to file a motion to close the instant Bankruptcy case, with the intention to reopen the case upon the completion of Plan payments.  Once the payments for all administrative, priority, and class 4 General Unsecured payments are complete, Debtor is eligible for discharge and may file a motion to reopen the case to obtain discharge under section 1141.  After discharge, any remaining payments to the secured classes of creditors will continue as outlined in the order confirming the chapter 11 plan.

### ARTICLE VII
### EVENTS OF DEFAULT AND ACCELERATION

**EVENTS OF DEFAULT:**  Except where default terms are outlined in referenced stipulation agreements between Secured Creditor and Debtors in Possession, the following shall be used to determine default under the Plan.  Any of the following shall constitute an event of default under the Plan.

The Ballstaedt Law Firm
Attorneys at Law
9480 S. Eastern Ave, #213
Las Vegas, NV 89123

1

2          **(a) FAILURE TO MAKE PAYMENTS:** Failure on the part of the reorganized debtors
to pay fully within thirty (30) days when due and payment required to be made in respect of
3   the Plan on or after the confirmation date;

4
          **(b) FAILURE TO PERFORM NEGATIVE COVENANTS**: Failure on the part of the
5   debtor to perform or observe any negative term or provision as set forth in Article IV of the
Plan, which failure remains uncured for a period of thirty (30) days after notice of such
6   default;

7
          **(c) FAILURE TO PERFORM OTHER TERMS AND PROVISIONS:**  Failure on the
8   part of the debtor to perform or observe any other term or provision of the Plan other than
9   those set forth in Paragraphs (a) and (b) of this section, which failure remains uncured for a
period of sixty (60) days after notice of such default;
10

11          **(d) VOLUNTARY BANKRUPTCY CASES, ETC.:** Debtors shall generally not pay
their debts as they become due or shall admit in writing their inability to pay their debts, or
12   shall make a general assignment for the benefit of creditors; or debtors shall commence any
case proceeding or other actions seeking to have an order for relief entered on their behalf
13   as debtors or to adjudicate itself as bankrupt or insolvent, or seeking reorganization,
14   arrangement, adjustment, liquidation, dissolution, or composition of any of their debts under
the Code or any other law relating to bankruptcy, insolvency, reorganization or relief of
15   debtor or seeking appointment of a receiver, trustee, custodian or other similar official for its
16   or for any substantial party of its property;

17
          **(e) INVOLUNTARY BANKRUPTCY CASES:** Any case, proceeding or other action
18   against debtor shall commence seeking to have an order for relief entered against it as
19   debtors or to adjudicate it as bankrupt or insolvent, or composition of their debts under the
Code or any other law relating to bankruptcy, insolvency, reorganization or relief of debtors,
20   or seeking appointment of receiver, trustee, custodian or other official for it or for all or any
substantial part of their property, and in such case, proceeding or other action (i) results in
21   such an adjudication, the entry of such an order for relief or such appointment, which is not
22   fully stated, (ii) shall not be contested by debtors through appropriate proceedings
procedures within twenty (20) days of commencement thereof or shall be acquiesced in by
23   debtors, or (iii) shall remain undismissed for a period of One Hundred Eighty (180) days.

24
25                              **ARTICLE VIII**
                          **RETENTION OF JURISDICTION**
26
          The Bankruptcy court shall retain jurisdiction of this case for as long as is needed.
27

28

**The Ballstaedt Law Firm**
Attorneys at Law
9480 S. Eastern Ave, #213
Las Vegas, NV 89123

During such time as the Bankruptcy Court retains jurisdiction, said jurisdiction will be deemed to include jurisdiction to hear and determine all claims against the debtors or the bankruptcy estate and to enforce all causes of action that may be owned by the debtors or the bankruptcy estate and to contest any claims and to hear the objection to any claims posed by the debtor or other interested party.

**ARTICLE IX**
**PROCEDURES FOR RESOLVING DISPUTED CLAIMS**

Objections to Claims must be filed with the Bankruptcy court and served upon the holders of each of the claims to which objections are made on or before thirty (30) days after the Effective Date.

Notwithstanding any other provision of this Plan, Distributions shall not be made with respect to Disputed Claims unless such Disputed Claim has been resolved and such Disputed Claim has become an Allowed Claim no later than 6 months after the effective Date of the Plan.

Unless otherwise provided in a Final Order of Bankruptcy Court, any Claim on account of which proof of claim is required by Bankruptcy Rule 3003 (c )(2) and which is filed after the Bar Date shall be deemed disallowed.  The holder of a Claim which is disallowed shall not receive any Distribution on account of such Claim.

**ARTICLE X**
**PROVISIONS FOR ASSUMPTION OF EXECUTORY CONTRACTS**

All contracts which exist between debtors and any individual entity whether such contracts be in writing or oral, which have not heretofore been rejected or heretofore been approved by Orders of this Court are hereby specifically assumed.

**ARTICLE XI**
**MISCELLANEOUS**

**1. HEADINGS:** The headings in the Plan are for convenience or reference only and shall not limit or otherwise affect the meanings hereof.

**2. NOTICES:** All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be transmitted by facsimile transmission to (702) 666-8215, by e-mail to help@ballstaedtlaw.com, and mailed by registered or certified mail, return receipt requested:

       A. If to the debtors, to Seth D. Ballstaedt, Esq. 9480 S. Eastern Ave., Ste. 213, Las Vegas, NV 89123;

1

2          B. If to a holder of an allowed claim or allowed interest, at the address set forth

3    in it's allowed Proof of Claim or proof of interest or, if none, at its address set forth in the
     schedule prepared and filed with the Court; and

4

5          C. Notice to the debtors shall be deemed given when received.  Notice to any

6    holder shall be deemed given when delivered or mailed.  Any person may change the
     address at which it is to receive notices under the Plan by sending written notice pursuant to

7    the provisions of this section to the person or entity to be charged with the knowledge of
     such change.

8

9          **3.  RESERVATION OF RIGHTS:** Neither the filing of the Plan nor the Disclosure

10   Statement, nor any statement or provision contained herein or therein, nor the taking by any
     creditor of an action with respect to the Plan: (a) Shall be deemed an admission against

11   interest; nor, (b) Prior to the Confirmation Date, be or be deemed to be a waiver of any rights
     which any creditor might have against the debtors or their property specifically reserved.  In

12   the event confirmation of the Plan does not occur, neither this Plan nor any statement

13   contained herein or in the Disclosure Statement may be used or relied upon in any manner
     in any suit, action, proceeding or controversy within or outside of the Reorganization Case

14   involving debtor.

15         **4. PAYMENT OF THE STATUTORY FEES**:  All fees payable pursuant to §1930 of

16   Title 28 of the United States Code, as determined by the Bankruptcy Court at the
     Confirmation Hearing, shall be paid on or before the effective Date.

17

18         **5. GOVERNING LAW:** Except to the extent that the Bankruptcy Code is applicable,
     the rights and obligations arising under this Plan shall be governed by, and construed and

19   enforced in accordance with, the internal laws of the State of Nevada.

20         **6. SUCCESSORS AND ASSIGNS**:  The rights and obligations of any person named

21   or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the
     successors and assigns of such person.

22

23         **7. SEVERABILITY:** Whenever possible, each provision of this Plan shall be
     interpreted in such manner as to be effective and valid under applicable law, but if any

24   provision of this Plan shall be prohibited by or invalid under applicable law, such provision

25   shall be ineffective to the extent of such prohibition or invalidity, without invalidating the
     remainder of such provision or the remaining provisions of this Plan.  Furthermore, if the

26   Bankruptcy Court will not confirm this Plan because one or more provisions hereof are
     determined to be prohibited or invalid under applicable law, the Proponents may seek

27   permission of the Bankruptcy Court to amend this Plan by deleting the offending provision.

28

**The Ballstaedt Law Firm**
Attorneys at Law
9480 S. Eastern Ave, #213
Las Vegas, NV 89123

**8. PRESERVATION OF RIGHTS.** Notwithstanding any provision of this Plan, the Debtors specifically preserve their respective rights to object, complain against, or otherwise affect the claims that are part of this Plan.  Debtors must commence the exercise of its rights no later than 60 days after the Effective Date of the Plan.

Dated this Thursday, June 04, 2015

By:

*/s/ Joseph N. Wenzinger*
JOSEPH N WENZINGER -Debtor in Possession

*/s/ Ellen M Wenzinger*
ELLEN M WENZINGER - Debtor in Possession

*/s/ Seth D. Ballstaedt*
Seth D. Ballstaedt, Esq.
Attorney for the Debtor in Possession

**The Ballstaedt Law Firm**
Attorneys at Law
9480 S. Eastern Ave, #213
Las Vegas, NV 89123